<div style="float:left">GENERAL<br>COUNCIL<br>v.<br>LOCKETT.</div>

disbursements necessary for those objects has been fully given by the statutes, and that the law of *April 7th*, 1824, is conclusive as to that power. The law of 1836, dividing the city into municipalities, gave no authority to the councils of either of the municipalities to provide for the subjects committed to the police jury, whose power over them remained unaffected thereby.

The different laws on this subject are by no means clear or free from difficulty, if their litteral meaning be alone followed; but of their legal import, we think, there can be no question,                              *Judgment affirmed.*

## Taylor *v.* Rostrop.

*A general mortgage resulting from the recording of a judgment, does not operate upon slaves after their emancipation, unless there was fraud on the part of the emancipator.   C. C. 190.*

*One who purchases slaves subject to the condition that they shall be emancipated in a certain time, and who subsequently emancipates them under a decree of court rendered in due form, cannot afterwards be sued in an hypothecary action as a third possessor of the slaves, by the holders of a judgment which had been registered while the slaves were in the possession of their original owner.   Per Curiam: The defendant is not a third possessor, nor can he be treated as the real emancipator.  The slaves hold their actual status under a decree of court, which will be binding until overruled in a direct action against them and the judgment debtor.*

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. *Durant,* for the appellant.   *Beecher,* for the defendant.   The judgment of the court was pronounced by

Rost, J.   This is an hypothecary action.   The plaintiff is the holder of a judgment duly recorded against *Elie Victor Marotte,* who was at the time of the recording in possession of certain slaves, upon whom *Samuel Fagot* held a special mortgage to secure the payment of a sum of $2500, with interest at the rate of ten per cent per annum.   *Marotte,* subsequently sold *Louise* and her child, two of those slaves, for the sum of $1300, on condition that they should be emancipated by the purchaser within three years from the sale. *Fagot* intervened in the act, received the price, and raised his mortgage on those two slaves.   In the certificate of the recorder of mortgages produced on that occasion, the judical mortgage of the plaintiff is not mentioned.   *Maindrault,* the purchaser of the slaves, sold them on the same condition to the defendant, who emancipated them under a decree of court rendered in due form of law. The plaintiff now proceeds against this defendant as a third possessor, and prays that the slaves be sold to satisfy his mortgage.   The defendant resisted the claim on the ground that he had emancipated the slaves in good faith, and that after the emancipation he cannot be viewed in the light of a third possessor. He farther avers that the plaintiff has no mortgage on which he could in any case maintain his action.

The case was tried before a jury, and the judge instructed them that a general mortgage resulting from the recording of a judgment did not, by the laws of Louisiana, operate upon slaves after their emancipation, unless there was fraud on the part of the emancipator.   To this charge the counsel of the plaintiff excepted.   There was a verdict and judgment in favor of the defendant, and the plaintiff appealed.

The charge of the judge is in strict accordance with art. 190 of the Civil Code; and as no fraud is alleged or shown, we could not interfere, even if the proper parties were before the court. But the proceedings are in other respects irregular. The defendant is not a third possessor, nor can he be considered as the real emancipator. The slaves hold their present *status* under a decree of court, which is binding until annulled in a direct action against them and the judgment debtor.                                     *Judgment affirmed.*